E. B. APPLEGATE, PLAINTIFF IN ERROR, v. KINGMAN & BALLARD, DEFENDANTS IN ERROR.

1. **Mortgage Foreclosure:** SALE: CONFIRMATION. Where, after the foreclosure of a mortgage and a sale of the mortgaged premises to the beneficiaries under the decree, and the confirmation of the sale, the mortgagor satisfies the decree, the money so received by the beneficiaries will avoid the sale and confirmation.

2. ————: DEED TO PURCHASER: NOTICE TO DEBTOR. When a long period of time elapses between the confirmation of a sale and the execution of the sheriff's deed, the debtor should be notified of the application for an order requiring the then sheriff to execute a deed to the purchaser.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*W. H. Snelling* and *Harwood, Ames & Kelly*, for plaintiff in error.

*Ricketts & Wilson*, for defendants in error.

MAXWELL, J.

This is an action of ejectment brought to recover the possession of certain real estate in the city of Lincoln. The jury found the issues in favor of the defendants in error, and the court rendered judgment in their favor.

It appears from the record that in 1872 John M. McKesson and wife executed a mortgage upon the real estate in question to A. W. Cox, to secure an indebtedness to Cox, Kingman & Ballard; that at the April term, 1873, of the district court of Lancaster county, the mortgage was foreclosed and the real estate in question ordered sold. A sale under the decree was had in August, 1874, the purchasers being the defendants in error, who were the successors of the firm of Cox, Kingman & Ballard. In November of that year the sale was confirmed and the sheriff ordered to make a deed. The sheriff, however, failed to execute a deed at that time, and the record shows no further action until November, 1882, when an order was entered requiring the then *sheriff to show cause* why he should not be required to execute a deed for said premises. No cause having been shown he was required to execute a deed to the defendants, which he afterwards did.

Neither McKesson nor his grantee appear to have been

notified of the application for a deed. McKesson is the common source of title and the plaintiff derives his title from him. McKesson's deposition was taken and is in evidence in the case, and he swears positively that after the entry of the decree from 1873 to 1875, he paid the same in full, and in this he is corroborated to some extent by proceedings in garnishment against one Hedges, by which about $26 was obtained, which is said to have been applied on the costs. None of this testimony as to payment is denied, Mr. Kingman merely saying that he has no recollection or record of the payment. This is not sufficient to overcome a direct and positive allegation of payment supported as it is by a number of circumstances tending to confirm it. If the decree was paid, even after confirmation, the defendants were not entitled to a deed. They could not accept satisfaction of the decree and also insist upon its enforcement. This the testimony tends to show they have done, and they cannot be permitted to hold the fruits of a decree, which, if McKesson's testimony is true, has already been paid in full. Where so long a period elapses between the confirmation of the sale and the execution of the deed, the court should require notice in some form, personal if possible, before the order to make the deed is entered, so that if any valid reason exists against the entry of the order, such as satisfaction of the judgment, it may be made to appear. The verdict and the judgment are against the clear weight of evidence and cannot be sustained. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.